**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO:  1:19-CR-00047-010 |
| ) | |
| DAVID WAYNE SEXTON ) | |
| ) | |
| **Defendant** ) | |

**DEFENDANT DAVID WAYNE SEXTON'S SENTENCING MEMORANDUM
AND REQUEST FOR A DEPARTURE AND VARIANCE AND
TO BE SENTENCED UNDER THE SECOND CHANCE ACT**

**COMES NOW** the Defendant, David Wayne Sexton, by counsel, pursuant to 18 U.S.C. Section 3553(a) and respectfully represents as follows:

David Wayne Sexton pled guilty to Count 1 of the Indictment – Conspiracy to Distribute 50 grams or More of a Mixture of Methamphetamine.   It has been determined that Mr. Sexton's offense level is 19 and his subtotal criminal history is zero which establishes a criminal history of 1.  His sentencing guideline is a minimum of 5 years and the maximum term is 40 years. However, Mr. Sexton meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5) and Mr. Sexton requests the Court to impose his sentence in accordance with the "safety valve" guidelines  range which would be 30 months to 37 months.

**CONSIDERATION OF THE FACTS PURSUANT TO**

**18 U.S.C. SECTION 3553(a)**

1.  Nature and circumstances of the offense.  On May 5, 2020, pursuant to a written plea agreement, Mr. Sexton pled guilty to conspiracy to distribute 50 grams or more of methamphetamine.

2. <u>The history and characteristics of the Defendant.</u>  David Wayne Sexton is 45 years old. He was born January 23, 1975 to Carl Dwayne Sexton and Debra Beatrice Thompson Sexton in Marion, Virginia.  David has not seen or had any contact with his father for over 20 years as he was an alcoholic who verbally, mentally and physically abused him.  David remained close with his mother until the age of 15 when she walked away from him.   David was raised from age 7 to 18 by his late grandparents and he credits them with giving him a stable home.  He joined the Navy when he was 20 and received a General Discharge when he was 24.  David worked nights at General Dynamics and through their Adult Study Program, finished a four-year Bachelor's degree in Business Administration at Virginia Intermont and also participated in welding classes at Northeast State Community College.  David is a skilled welder and pipe fitter and once possessed a contractor's license which has since expired.

David married in June, 2017 but his wife requested a divorce after she became aware of his involvement with methamphetamine.  He has two children from previous relationships – Joshua – age 10 and Hunter, age 20.  He is in a relationship with Sandra Reese.  (Attached as Exhibit A is a letter from Ms. Reece in support of David.)

After working at finishing his education and working at Eastman Chemical, David started his own home remodeling business, Sexton Home Improvement, in 2017.   David was very successful in his home improvement business and continued to work at it until he was arrested on April 19, 2019.

David tells a story too many of us have heard before.  He was doing well when he became sick with MRSA in 2016 and was hospitalized for 30 plus days.  Even after being released, he was so weak and found he had little energy and he was falling further and further behind in his work.  A friend offered him methamphetamine to use to have more energy.  David said it made a

difference in his energy level and he continued to use it.  It didn't take long before he was addicted and had to have the drug every day in order to function.  This continued for about a year when, in 2018, his mother passed away and he was served with divorce papers the next week.  He became so depressed and per his words "started associating with worse and worse people, while making terrible decisions and doing dumb things just to get high and numb myself mentally."  He started having run-ins with the police in 2018 and 2019, something he had never done prior to his addiction to methamphetamines.  He was charged with possession, lost his driving privilege and was charged with driving on a revoked license.  David states he was sinking lower and lower and he prayed God would help him change his life and two days later he was arrested.  He also states he has been in jail since April 19, 2019 and it was where "he needed to be."  David said it took him roughly six months of being sober for him to begin to think clearly and to see how much he lost to this drug.  When he says lost, he means everything – his home, family, friends, even his dog and his clothes.  He lost his business, his truck and $50,000.00 of tools he had worked to accumulate.  David has taken a substance abuse class while in jail.  (See Exhibit B).

      3.    <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.</u>  David doesn't question whether his actions were serious and wrong. He readily admits his actions were wrong, but his addiction and emotional state were the reasons for his actions.  David's guidelines call for 30 to 37 months imprisonment using the provisions provided in 18 U.S.C. § 3553(f)(1)-(5).

The Presentence Report also makes the point that David meets the requirements for the The First Step Act which expanded the safety valve provision, which allows courts to sentence low-level, nonviolent drug offenders with minor criminal histories to less than the required

mandatory minimum for an offense. David only has a criminal history of I and is also a non-violent offender. If David is found by the Court to qualify for the First Step Act, the downward variance of two levels in the offense level and a criminal history of I would have his advisory guideline to be 30 to 37 months.

Per 18 U.S. Code §3553, the Court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence if the Court finds at sentencing that:

(1) the Defendant does not have (a) more than four (4) criminal points, excluding any criminal history points resulting from a one point offense, as determined under the sentencing guidelines; (b) a prior 3-point offense, as determined under the sentencing guidelines; (c) a prior 2 point violent offense, as determined under the sentencing guidelines.

(2) the Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the Defendant was not an organizer leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substance Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the Court that the Defendant has complied with this requirement.

David has a score of zero criminal history points, which results in his having a criminal history category of 1; he has never been convicted or used violence or credible threats of violence or possessed a firearm in connection with the offense; the offense did not result in the death or seriously bodily injury to any person; David was not an organizer, leader, manager or supervisor of others in the offense; and David has truthfully provided the Government with all information he has. It seems that Defendant meets the requirements under 18 U.S. Code §3553. We ask the Court to sentence David using the guidelines in his Presentence Report which call for 30 to 37 months.

4. <u>The need for the sentence to protect the public from further crimes of the defendant.</u> A prison sentence of 30 to 37 months would be sufficient to protect the public from further crimes. This sentence reflects the seriousness of David's actions but will also afford David a chance to restart his life. In the time prior to David being jailed, he knew he was on the wrong path. In the time he has been sober, David states "he hates meth and everything it does to ruin their lives, the way it has mine." He also states that "now that I am sober and healthy again, I know I will not give away anymore of myself to this drug."

5. <u>The need for the sentence to provide the defendant with needed education or vocational training, medical care or other correctional treatment.</u> Any person can always benefit from educational or vocational training, but David could benefit from out-patient drug rehabilitation treatment.

6. <u>The kinds of sentences available, the sentencing range, the application of the guidelines and the need to avoid unwarranted disparities among defendants with similar records who has been found guilty of similar conduct.</u> David has been truthful and has entered into a plea agreement admitting his involvement. He has been a model inmate and has taken a class in

Substance Abuse and regularly talks to other young men in jail with him about how methamphetamine is capable of taking away everything.

SECOND CHANCE ACT:  Because David's conviction is nonviolent and he has already been incarcerated for 16 months, we ask the Court to consider the Second Chance Act to give David a better chance of putting this episode in his life behind him and returning to being the model citizen he was prior to his dependence on methamphetamine.  Per the Second Chance Act, David requests that he be allowed to serve the remainder of his sentence in home confinement at the house of his girlfriend, Sandra Reese, or that he be allowed to serve the remainder of his sentence at a halfway house, where he can work and be acclimated to the world outside of jail.

It is respectfully submitted that David Sexton be sentenced under the downward variance found in the First Step Act, and to be sentenced to home confinement or 12 months in the halfway house per the Second Chance Act .

**DAVID WAYNE SEXTON**

**- By Counsel -**

**/s/ A. Benton Chafin, Jr.**
**Virginia Bar Number: 24732**
**Attorney for Defendant**
**CHAFIN LAW FIRM, P.C.**
**44 East Main Street**
**Post Office Box 1210**
**Lebanon, Virginia 24266**
**Telephone No.: (276) 889-0143**
**Facsimile No.: (276) 889-1121**
**E-mail: bchafin@chafinlaw.com**

## **CERTIFICATE OF SERVICE**

I, A. Benton Chafin, Jr., Counsel for Defendant, David Wayne Sexton, do hereby certify that I electronically filed the Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Suzanne Kerney-Quillen, Assistant United States Attorney for the Western District of Virginia, by electronic mailing to USAVAW.ECFAbingdon@usdoj.gov, and to all other counsel of record by electronic mailing, on this the 4th day of August, 2020.

*/s/ A. Benton Chafin, Jr.*
**Virginia Bar Number: 24732**
**Attorney for Defendant**
**CHAFIN LAW FIRM, P.C.**
**44 East Main Street**
**Post Office Box 1210**
**Lebanon, Virginia 24266**
**Telephone No.: (276) 889-0143**
**Fax No.: (276) 889-1121**
**e-mail: bchafin@chafinlaw.com**